UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AWARE WOMAN CENTER FOR
CHOICE, INC., et al.,

    Plaintiffs,

v.                                   Case No. 99-5-CIV-ORL-18C

MEREDITH T. RANEY, JR., et al.,

    Defendants.
_____/

## ORDER

This case is presently before the court on its own motion. The court finds that the present case should be dismissed without prejudice for failure to prosecute pursuant to Local Rule 3.10.[1]

The plaintiffs have been delinquent in prosecuting this case. As evidence, the plaintiffs have failed to serve many of the defendants. When asked to explain their failure, the plaintiffs stated that, while they had in fact served the defendants with the complaint, "the initial round of service included only the complaint, not a Court-issued summons." (Doc. 42.) The plaintiffs offered to complete service on June 2, 1999, but the record is devoid of any evidence that the plaintiffs effected the promised service. Additionally, the plaintiffs have failed to file a case management report. In response to an order to show cause, the plaintiffs asked for an extension of time to file the report because, among other reasons, the plaintiffs wanted to amend their complaint. (Doc. 54.) Finally, the plaintiffs have failed to file any responses to several of the defendants' motions, including two motions to dismiss (docs. 40, 44), a motion for summary




---

[1] Local Rule 3.10 states that "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution."

judgment (doc. 48), and a motion for rule 11 sanctions (doc. 55). Because the plaintiffs have failed to serve several of the defendants, have failed to file a case management plan, and have failed to respond to several of the defendants' motions, the plaintiffs' case should be dismissed.

The court finds that dismissal will not work any undue hardship on the parties. The plaintiffs recently filed a motion for stay asking the court to stay the present case because the plaintiffs want to file a new complaint to incorporate the changing circumstances of the case and because several pending appellate cases may have a bearing on this case. A dismissal will allow the plaintiffs to refile their action at a more appropriate time. Moreover, a dismissal would not unduly harm the defendants because this case is at an early stage.

Because the plaintiffs have failed to adequately prosecute this case and because a dismissal would not work an undue hardship on the parties, the case is hereby **DISMISSED** without prejudice. Furthermore, all pending motions in this case (docs. 6, 11, 13, 15, 16, 17, 18, 19, 20, 36, 40, 44, 48, 55, and 57) are **DENIED** as moot.

The court directs the clerk of court to close the case. It is **SO ORDERED** in Orlando, Florida this ___/___ day of September, 1999.

G. KENDALL SHARP
United States District Judge

Copies to all counsel of record